Terry Rice, Esq. Informal Opinion Village Attorney No. 95-21 Village of Suffern 61 Washington Avenue Suffern, N Y 10901
Dear Mr. Rice:
You have asked whether the positions of village planning board member and village code enforcement officer are compatible so that one person may hold both positions. Further, you inquire whether situations may arise creating a conflict of interests between the two positions, necessitating recusal.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status readily identifiable. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryancase is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation, the conflict is avoided by declining to participate in the disposition of the matter.
The code enforcement officer is locally authorized to enforce the zoning laws and site plan regulations of the village. The village's planning board is authorized to review and approve proposed subdivisions, site plans, and special permit applications and may make recommendations to the village board of trustees on zoning amendments.
You have explained in a telephone conversation that your primary concern is the compatibility of the two positions in the site plan review process. Under section 7-725-a(2), the village board of trustees by local law may authorize the planning board to review and approve site plans. Site plans show the arrangement, layout and design of the proposed use of land. The local law specifies the land use that requires site plan approval and the elements to be included on plans submitted for approval.
You explained that the code enforcement officer has a limited role with respect to site plans. In his review of various properties in the village, he may find that there is a failure to obtain required site plan approval. In that case, the code enforcement officer will refer the property owner to the planning board for site plan approval. Once the site plan has been approved by the planning board, the code enforcement officer has no further role in reviewing the approved site plan. He is authorized, however, to ensure that the development of the property is in conformance with the site plan approved by the planning board.
The same sequence of events would apply to the planning board's review of subdivision applications and special permit applications.
We see no incompatibility between these two positions. One position is not subordinate to the other. Nor is there inconsistency or conflict between the duties of the two positions. These two positions work in concert to ensure that site plan and zoning regulations are complied with in the development of property in the village. Nor do we see any inevitable conflicts of interests between the positions. In the event that a conflict does arise, the remedy would be recusal.
We conclude that the positions of village code enforcement officer and village planning board member are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General in Charge of Opinions